IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00100-EWN-KLM

HIGHLINE CAPITAL CORP., a Delaware corporation,

    Plaintiff,

v.

ROBEN D. ADHOOT,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Default Judgment Against Roben D. Ahdoot** [Docket No. 9; filed February 20, 2008] (the "Motion for Default") and Defendant's **Motion for Extension of Time (for Entry of Judgment)** [Docket No. 23; filed April 30, 2008] (the "Motion for Extension"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court must construe the motions liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motions, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Motion for Default

1

[Docket No. 9] be **GRANTED** and Defendant's Motion for Extension [Docket No. 23] be **DENIED**.

IT IS FURTHER **ORDERED** that the Settlement Conference currently set for May 19, 2008 is **VACATED**.

I.  **Statement of the Case**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Plaintiff filed its Complaint on January 15, 2008 [Docket No. 1]. Defendant was served with the Summons and Complaint on January 20, 2008 [Docket No. 5; filed January 28, 2008]. Defendant failed to file an Answer or other responsive pleading. On February 15, 2008, the Clerk of the Court entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a), due to Defendant's failure to file a pleading or otherwise defend against the suit [Docket No. 8].

The case arises out of a Settlement Agreement entered into between the Parties in a separate civil action (06-cv-02023-EWN-CBS). Pursuant to that Settlement Agreement, Defendant agreed to make certain payments to Plaintiff on or before specified due dates. *Complaint* [#1], Ex. A. Plaintiff states that Defendant paid the amount specified in paragraph one of the Settlement Agreement and made three monthly payments in October, November and December of 2007. *Motion for Default* [#9], p. 2. However, Plaintiff states that Defendant failed to make the payment due on January 1, 2008, and therefore, is in default of his obligations as set forth in the Settlement Agreement. *Id.*

Also pursuant to the Settlement Agreement, Defendant executed and delivered to

2

Plaintiff a Confession of Judgment, which Plaintiff agreed to refrain from filing with the Court unless Defendant failed to pay any amount owed under the Settlement Agreement. *Complaint*[#1], Ex. A. In the Confession of Judgment, Defendant agreed that "the Court should enter judgment against him and in favor of the plaintiff Highline Capital Corp. ("Highline") in the amount of $357,693.86 plus post-judgment interest on this amount under 28 U.S.C. Section 1961 and any reasonable costs and attorneys' fees that Highline incurs after entry of judgment to collect the judgment." *Id.* at Ex. 2. Also, as indicated in the Settlement Agreement, Defendant agreed that if he failed to pay "any amount owed . . . [Plaintiff] shall be entitled immediately to file the Confession of Judgment with the Court and to request entry of judgment in [Plaintiff's] favor and against [Defendant] on the terms stated therein, which [Defendant] shall not oppose." *Id.* at Ex. A. Accordingly, Plaintiff argues that it is entitled to default judgment in its favor and against Defendant in the amount of $269,241.86 ($357,693.86 less $88,452.00 in payments), plus post judgment interest. *Motion* [#9], p. 3.

For his part, Defendant has filed a Motion requesting that this Court either vacate the entry of default judgment against him or extend the time to answer the Complaint. Defendant's argument centers around the missed January 1, 2008 payment. Defendant states that at the time that the payment was due he had become "involved in [another] lawsuit in California . . . [and] could no[] longer afford to stay in [his] residence of address . . . . [He] did not receive a timely notice, and therefore, a single payment of $3363.00 was not received by the plaintiff in time." *Motion for Extension* [#23], p. 2. Defendant further

3

states that since January 1, 2008, he has "cured the situation, provided the plaintiff and the court of [sic] my current address, and paid all the monthly payments."  *Id.*  Finally, Defendant states that he is engaged in settlement discussions with Plaintiff, and requests that the Court "vacate the default entered against [him] and/or extend the time for [him] to respond to the complaint to the time of the [settlement] conference of May 19, 2008 . . . ."  *Id.*

**II.    Analysis**

Default judgment may enter against a party who fails to appear or otherwise defend pursuant to Fed. R. Civ. P. 55.  However, even after entry of default, it is for the court to decide whether the unchallenged facts create a legitimate basis for the entry of judgment. *See Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606 *1 (D.Colo. 2008) (citations omitted).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Id.* at *2 (citing *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F.Supp.2d 277, 281 (D.Conn. 2001).

A court may set aside an entry of default for "good cause shown."  Fed. R. Civ. P. 55(c).  Courts have interpreted the good cause standard liberally, as default judgments are not favored and the preference is to decide cases on their merits.  *Fabschutz v. Saxby's Coffee, Inc.*, 2008 WL 686912, *1 (D.Colo. 2008) (citing *Katzson Bros., Inc. v. United States Env. Protection Agency*, 839 F.2d 1396, 1399 (10th Cir 1988)).  The decision to set aside an entry of default is within the discretion of the trial court.  *Id.* (citing *Ashby v.*

4

*McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). In determining whether to vacate the clerk's entry of default, the Court may consider the following factors: "(1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside entry of default; and (3) whether the defendant has a meritorious defense." *Id.* (citations omitted). "A court need not consider all of factors, and may consider other factors as well." *Id.* (citation omitted).

As an initial matter, Defendant does not dispute that he failed to answer or otherwise respond to Plaintiff's Complaint within the applicable time period. The Court notes that no mail addressed to Defendant was returned to the Court as undeliverable. However, Defendant did not file his motion to extend the time to answer or otherwise respond until April 30, 2008, more than two months after his February 11, 2008 response deadline had passed. In his Motion, Defendant provides no reason why he failed to answer or otherwise respond to Plaintiff's Complaint. Instead, Defendant's arguments relate primarily to the missed January 1, 2008 payment. Defendant does not dispute that he missed a payment in January 1, 2008, therefore violating the clear terms of his Settlement Agreement. Defendant merely states that a change in his own residential address prevented him from making a timely payment to Plaintiff. However, the Court is at a loss to see how a change in Defendant's address would effect his ability to send a payment to Plaintiff, as undoubtedly Plaintiff's mailing address did not change. Moreover, the Settlement Agreement clearly obligated him to make monthly payments "in full and on or before the specified due dates," regardless of any change of his address [Docket No. 9-3, at p. 2].

5

The Court finds that Defendant's arguments related to the missed January 1, 2008 are unavailing, and moreover, do not explain Defendant's clear failure to answer or otherwise respond to the Complaint. Because this is Defendant's second round of litigation relating to the same indebtedness, the Court is not inclined to consider thin excuses.

The Court finds that, pursuant to Fed. R. Civ. P. 55(a), Defendant has failed to diligently defend this action. The Court further finds that Defendant's culpable conduct led to the default and that Defendant has provided no meritorious defense against a default judgment. Accordingly, no good cause exists to avoid entry of a default judgment against him.

Accordingly, I respectfully **RECOMMEND** that Plaintiff's **Motion for Default Judgment Against Roben D. Ahdoot** [Docket No. 9; filed February 20, 2008] be **GRANTED** and that judgment enter in favor of Plaintiff Highline Capital Corp. and against Defendant Roben D. Ahdoot, in the amount of $269,241.86, plus post judgment interest pursuant to 28 U.S.C. § 1961.

I further **RECOMMEND** that Defendant's **Motion for Extension of Time (for Entry of Judgment)** [Docket No. 23; filed April 30, 2008] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

6

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                BY THE COURT:

                __s/ Kristen L. Mix_____

                United States Magistrate Judge

  Dated: May 12, 2008